**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **CURTIS SLADE** <br> **REG. # 04842-510** | **DOCKET NO. 2:26-cv-0749** <br> **SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **NATE PATE, JR.** | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the Court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Curtis Slade. Slade is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the following reasons **IT IS RECOMMENDED** that the petition be **DENIED**.

## I. BACKGROUND

Petitioner's claim arises from a federal criminal case in the Southern District of Florida, Ft. Lauderdale Division, in which he was indicted on charges of Possession with Intent to Distribute a Controlled Substance, Possession of a Firearm in Furtherance of a Drug Trafficking Charge, and Possession of a Firearm and Ammunition by a Convicted Felon. *See USA v. Slade*, Criminal Action No. 0:22-cr-123-RS-1, doc. 1 (S.D. Fla. June 2, 2022). On September 30, 2022, Petitioner pleaded guilty to Count 2 of the Indictment, Possession of a Firearm in Furtherance of a Drug Trafficking Charge, and the remaining counts were dismissed. *Id*. at doc. 30. He was sentenced to a term of 60 months imprisonment and three years of supervised release. *Id*. at doc. 31.

Petitioner timely filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, arguing that because of his counsel's constitutional ineffectiveness his guilty plea was unknowing and involuntary. *Slade v. USA*, Civil Action No. 22-62236 (S.D. Fla. Nov. 29, 2022), doc. 1. Petitioner subsequently filed a Motion to Withdraw his § 2255 Motion (*id*. at doc. 8) and the case was closed (*id*. at doc. 9).

On March 9, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus in this Court, within the judicial district in which he is confined. *See* doc. 1. On the preprinted form used for the action Petitioner marked the box stating that he is challenging the "validity of [his] conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)." *Id.* at 2. Specifically, he alleges that the sentencing court failed to establish "the underlying offense in the application of the 18 U.S.C. § 924(c)(1)(A) of firearm in furtherance of a drug trafficking crime." *Id*. at p. 3.

## II. LAW & ANALYSIS

### *A. Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits

before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

***B. Section 2241***

The Court must first determine whether petitioner's claims may be properly raised in a § 2241 habeas corpus petition. Section 2241 is generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. § 2255 provides the process which allows federal inmates to collaterally attack the legality of their convictions or sentences. *See Cox v. Warden*, *Fed. Det. Ctr*., 911 F.2d 1111, 1113 (5th Cir. 1990).

Petitioner's § 2241 action, by his own words, seeks to challenge the validity of his sentence. Doc. 1, p. 3. Petitioner does not challenge the interpretation or carrying out of his sentence by the Bureau of Prisons. Accordingly, Petitioner must bring his challenge in the sentencing court - the Ft. Lauderdale Division of the Southern District of Florida. Because Petitioner has filed his action in the wrong court, the proper result is for the Court to dismiss his petition without prejudice to his filing in the correct court if he desires. *See Lee v. Wetzel*, 244 F.3d 370, 373-75 (5th Cir. 2001).

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to § 2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable United States Supreme Court decision which establishes that he may have been convicted of a nonexistent

offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision that establishes he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial or appeal. Therefore, his Petition for Writ of Habeas Corpus must be dismissed.

## III. CONCLUSION

The Court finds that even though Petitioner has filed his petition under 28 U.S.C. § 2241, he raises claims which must be raised under 28 U.S.C. § 2255. Petitioner has failed to demonstrate that 28 U.S.C. § 2255 provides an ineffective or inadequate remedy for his post-conviction complaints. Accordingly, this Court is without jurisdiction to consider Petitioner's claims raised under 28 U.S.C. § 2255.

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers in chambers this 17th day of July, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE